IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHARON MCKNIGHT, )
)
        Plaintiff, )
)
v. ) Civil Action No. 09-0296
)
OFFICER RALPH VARROTO, OFFICER )
HARRISON HARBAUGH, GILPIN TOWNSHIP, )
LEECHBURG BOROUGH, DOUGLAS BARTO, )
and GILPIN RIFLES, INC. )
)
        Defendants. )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                                                 June 25, 2009

       This is an action in civil rights under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff alleges that defendants punished her for exercising her right to oppose a housing eviction. In Count I, plaintiff claims that all defendants violated her right to due process of law and to equal protection under the Fourteenth Amendment to the United States Constitution. In Counts II and III, plaintiff claims that defendants Ralph Varroto, Officer Harrison Harbaugh, Gilpin Township, and Leechburg Borough improperly brought a malicious prosecution against her. In Count IV, plaintiff claims that defendant Douglas Barto tortiously interfered with a contractual relationship. Finally, in Count V, plaintiff states that all defendants are liable for intentional infliction of emotional distress. [Doc. No. 1].

       Defendants Barto and Gilpin Rifles, Inc. (the "Moving Defendants") have filed a Motion for Partial Dismissal of Complaint

pursuant to Fed.R.Civ.P. 12(b)(6) contending that plaintiff's claims against them in Counts I and IV are not viable. [Doc. No. 8]. For the reasons that follow, the Moving Defendants' motion is denied, without prejudice.

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. <u>Twombly</u>, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. <u>Phillips v. County of Allegheny, et al.</u>, 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiffs. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiffs can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiffs could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed the Moving Defendants' motion for partial dismissal of plaintiff's complaint. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is not persuaded that partial dismissal is appropriate at this time.

Specifically, plaintiff has alleged that the Moving Defendants acted in concert with police officers and governmental entities to punish plaintiff and force her to abandon her use of legal process to resist her eviction. [Doc. No. 1]. Plaintiff's

3

allegations, if true, may state valid claims under section 1983 or state law. Our ruling, however, does not prevent the Moving Defendants from raising these arguments after discovery is complete, in a motion for summary judgment on a more fully developed record.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHARON MCKNIGHT,)
)
       Plaintiff, )
)
    v. ) Civil Action No. 09-0296
)
OFFICER RALPH VARROTO, OFFICER )
HARRISON HARBAUGH, GILPIN TOWNSHIP, )
LEECHBURG BOROUGH, DOUGLAS BARTO, )
and GILPIN RIFLES, INC. )
)
       Defendants. )

## ORDER

AND NOW, this 25th day of June, 2009, IT IS HEREBY ORDERED THAT defendants Douglas Barto and Gilpin Rifles, Inc.'s Fed.R.Civ.P. 12(b)(6) motion for partial dismissal of complaint [doc. no. 8] is DENIED, without prejudice to defendants' right to raise these issues in a motion for summary judgment brought pursuant to Fed.R.Civ.P. 56.

BY THE COURT:

/s/ _____, J.

cc: All Counsel of Record